# Exhibit B

Dacota Robert Rogers'
Second Request for Release pursuant to
18 USC §3582(c)(1)(A)
with Warden's Response

TRULINCS 12685046 - ROGERS, DACOTA ROBERT - Unit: VVM-D-U

---

FROM: 12685046
TO: Garrett, Richard
SUBJECT: Compassionate Release
DATE: 08/16/2021 05:38:46 PM

This is a request for Compassionate Release based on 18 USC 3582(c)(1)(A)(i). I would like to be considered under these grounds: I received a sentence disproportionately large in comparison to other defendants in the same district that I was sentenced in, my criminal behavior no longer exists as proven by my recent conduct, I take responsibility for my prior conduct and continually seek atonement for that conduct, I would be of great use to my aging grandparents, and if I was sentenced today I would have received a lesser sentence due to changes made by the Fair Sentencing Act and the First Step Act.

I have earned an Associate's Degree in Science and Math from Coastline Community College and started a Bachelor's Degree in Business Administration at California Coast University as well as completed many educational courses here at FCI Victorville II, including drug awareness. I have written four novels, one of which I self published and three of which I am determined to find traditional publishers for as soon as I am released. I have maintained employment in Food Service since 2015, and I have received no incident reports since August of 2017. I am 95 months into my sentence, which is 50% of the time to reach my release date with good time.

I believe it is also important to consider the attempt at atonement I've made while incarcerated. I've maintained a relationship with Mark Allen's family, the victim(s) of my criminal behavior, and I would now consider Gail Allen, Mark's mother, a friend. Through continuous correspondence with Gail, I have truly come to understand the suffering that my criminal conduct has wrought. Sadly, and to my deepest regret, that suffering cannot be reversed, nor can true atonement ever be reached. Those two facts, that I've caused inconsolable pain and that I'll never be able to make up for it, are key facets to my rehabilitation. I will never put myself in a position to hurt another human being again, and I will continue to do everything I can to prove that truth to the world, my deceased mother, and especially to the Allen family.

My grandfather, Richard Garrett, owns Capital Laundry in Helena, Montana. It is the pride of our family. My hope, with a Bachelor's Degree in Business Administration, is that I will be able to contribute to our family business and take some, if not all, the weight off my aging grandfather. He is well past the age most people retire, and I believe that if he had me there to help the business he might actually be able to do it.

Please note that this is my third time asking for Compassionate Release consideration, and that I would like to be considered in light of these differing grounds.

Thank you for your time.



2 BW

Inmate Name: ROGERS, DACOTA ROBERT
Register No.: 12685-046
Unit: B-UPPER

---

This is in response to your Request for Compassionate Release/Reduction in Sentence based on extraordinary and compelling circumstances. Specifically, based on the length of your sentence, changes in your behavior and to care for your grandparents.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with the general guidance. Furthermore, a request for early release based on the length of your sentence is neither within the purpose nor scope of BOP Program Statement 5050.50

BOP Program Statement 5050.50 contains provisions for granting a request for Compassionate Release based on the need to take care of a family member. However, the guidance for approval of this type of request is very specific. The request must be based upon a need to take care of a debilitated spouse or domestic partner or to take care of a child as a result of the death or incapacitation of a family member caregiver. Unfortunately, the Program Statement does not include the need to care for grandparents as a basis for granting a request for Compassionate Release. Furthermore, a request for early release based on the length of your sentence is neither within the purpose nor the scope of BOP Program Statement 5050.50.

The BOP is committed to providing work and other self-improvement opportunities to assist offenders in becoming law-abiding citizens. The fact that you take responsibility for your previous conduct is admirable. However, an improvement in your conduct alone is not enough to grant a request for Compassionate Release. There must be "extraordinary or compelling" circumstances as described above in BOP Program Statement 5050.50.

Based upon a review of all of the factors discussed above, I do not find that there are "extraordinary or compelling circumstances" as required by the statute to recommend the Bureau make a motion before your sentencing court seeking a reduction in sentence. Your request for Compassionate Release / Reduction in Sentence is denied. If you are not satisfied with this response to your request, you may commence an appeal of this decision via the Administrative Remedy process.

I trust this addresses your concerns.

_____           3/12/22
M. Gutierrez, Warden                  Date