# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>DACOTA ROBERT ROGERS,<br><br>       Defendant. | CR-13-15-BU-BMM<br><br>**ORDER** |

Defendant Dacota Robert Rogers has moved for early termination of his current term of supervised release. (Doc. 59.) The Court conducted a hearing on Rogers' motion on September 24, 2024. (Doc. 62.) The Government opposes the motion. (Doc. 61 at 1.) The Court now grants Rogers' motion.

Rogers pleaded guilty to distribution of fentanyl in violation of 18 U.S.C. § 841(a)(1). (Doc. 15 at 2.) The Court sentenced Rogers to the custody of the Bureau of Prisons on February 21, 2014, for a term of 224 months with 3 years of supervised release to follow. (Doc. 26.) The Court granted Rogers compassionate release on January 6, 2023. (Doc. 52.) Rogers began his term of supervised release on February 2, 2023. (Doc. 55 at 1.)

Federal law authorizes a defendant to move for termination of their supervised release after successfully completing one year if the Court is satisfied that such

1

action remains "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release.

The Court finds that the factors in 18 U.S.C. § 3553(a) support an early termination of Rogers' supervised release. Adequate punishment has been imposed that reflects the seriousness of Rogers' offense. Rogers served 112 months in prison. (Doc. 60 at 6.) Rogers has completed approximately one year and seven months (53%) of his supervised release term. Rogers is scheduled to be discharged from supervised release on February 2, 2025.

Adequate deterrence also has been achieved. Rogers has had no reported violations. Rogers' probation officer reports that Rogers "completed all that was asked of him" during his time at the Great Falls Pre Release Center "and was characterized by staff as 'a great resident.'" (*Id.* at 3) Further supervision appears unnecessary to protect the public from further criminal behavior by Rogers.

Rogers' programming and correctional needs also appear to have been met. Rogers has paid over $10,000 of the $11,310 in restitution from the original Judgment. (*Id.* at 4.) Rogers also completed his Bachelor of Science Degree in Business Administration in May 2023, from California Coast University, with highest honors. (*Id.*) Rogers has maintained full-time employment throughout his time on supervised release. (*Id.* at 3.)  He has fulfilled the requirements of the Basic

Appraisal Procedures course and the Uniform Standards of Professional Appraisal Practice course toward a real estate appraisal certification in Montana. (*Id.* at 3–4.) Rogers also completed the Supervisor-Trainee Course for Montana. (*Id.* at 4.) Rogers has retained his commitment to change his personal life. He has developed a successful relationship with a "good woman," worked to repair damaged bonds with his family, and guided his younger brother to be a more responsible adult. (*Id.*) Rogers has transitioned from his grandparent's house into his own rental and continues to care for his ailing grandmother. (*Id.*) The early termination of Rogers' supervised release comports with the § 3553(a) factors and proves "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

Accordingly, **IT IS HEREBY ORDERED** that Rogers' Motion for Early Termination of Supervised Release (Doc. 59) is **GRANTED**.

DATED this 24th day of September, 2024.

Brian Morris, Chief District Judge
United States District Court